IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN POWELL, | : | |
|     Plaintiff | : | No. 1:12-cv-02455 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| JOHN E. WETZEL, et al., | : | (Magistrate Judge Schwab) |
|     Defendants | : | |

## MEMORANDUM

Before the Court is Defendants John E. Wetzel, Tabb Bickell, Mark Garman, Timothy Johnson, Pennsylvania Department of Corrections, and William Walters' motion to dismiss Plaintiff Kevin Powell's amended complaint, and to strike certain paragraphs of the complaint (Doc. No. 31), Magistrate Judge Schwab's Report and Recommendation (Doc. No. 44), and Plaintiff's objections thereto (Doc. No. 45).  For the reasons that follow, the Court will adopt the Report and Recommendation in part.

## I.    BACKGROUND[1]

On March, 7, 2013, Plaintiff, a former inmate of State Correctional Institution at Huntingdon, Pennsylvania (SCI-Huntingdon), filed an amended complaint in which he alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, Title II of the Americans with Disabilities Act of 1990, and the Rehabilitation Act of 1973.  (Doc. No. 30.)  Plaintiff names the following six Defendants in his amended complaint: (1) John Wetzel, the Secretary of the Pennsylvania Department of Corrections, (2) Tabb Bickell, the Superintendent at SCI-Huntingdon, (3) Mark Garman, the

---

[1] The complete factual background is contained in the Report and Recommendation, and the Court need not reproduce it here.  (Doc. No. 44 at 2-7.)

Deputy Superintendent at SCI-Huntingdon, (4) William Walters, a Major in charge of Unit

Management at SCI-Huntingdon, (5) Timothy Johnson, a Lieutenant at SCI-Huntingdon, and (6)

the Pennsylvania Department of Corrections.

On March 21, 2013, Defendants moved the Court to dismiss Plaintiff's amended

complaint in its entirety, and to strike several paragraphs pursuant to Federal Rule of Procedure

12(f).  (Doc. No. 31.)  On February 25, 2014, Magistrate Judge Schwab issued a Report and

Recommendation, wherein she recommended that the Court grant Defendants' motion to dismiss

Plaintiff's Eighth Amendment and access to courts claims, deny Defendants' motion to dismiss

Plaintiff's ADA and Rehabilitation Act claims, and grant Defendants' motion to strike solely

with respect to Paragraph 80 of the amended complaint.  (Doc. No. 44 at 32-33.)  Plaintiff timely

filed objections.  (Doc. No. 45.)  The matter is now ripe for disposition.[2]

## II.    STANDARD OF REVIEW

A court considering a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6) must determine whether the complaint contains sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Ibqual, 556 U.S. 662,

678 (2009).  Consistent with the Supreme Court's ruling in Bell Atlantic Corporation v.

Twombly, and Ashcroft v. Ibqal, the United States Court of Appeals for the Third Circuit

---

[2]   The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed finding and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which specific objections are made.  28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report.  28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

requires district courts to engage in a two-part analysis when reviewing a Rule 12(b)(6) motion: first, a court should separate the factual and legal elements of a claim, accepting well-pleaded factual matter as true and disregarding any legal conclusions; and, second, a court should determine whether the remaining well-pleaded facts sufficiently demonstrate that a plaintiff has a "plausible claim" for relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Facial plausibility exists when the plaintiff pleads factual content "that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id. When conducting its analysis, a court must view the complaint's allegations in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). A court's determination on Rule 12(b)(6) review is not whether the non-moving party "will ultimately prevail," but instead whether that party is "entitled to offer evidence to support the claims." United States ex rel. Wilkins v. United Health Grp., Inc., 659 F.3d 295, 302 (3d Cir. 2011). Thus, a court need not find that the plaintiff's claims are "probable," rather, a court need only discern whether the complaint contains "enough facts to raise a reasonable expectation that discovery will reveal evidence" consistent with the complaint. Phillips, 515 F.3d at 234.

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." When ruling on a motion to strike, a court must construe all facts in favor of the non-moving party and deny the motion if the defense is sufficient under the law. As a general rule, motions to strike are disfavored, and should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some significant form of prejudice to one of the parties in the action. See Symbol Techs., Inc. v. Aruba

3

Networks, Inc., 609 F. Supp. 2d 353, 359 (D. Del. 2009).

## II.     DISCUSSION

### A.     Count I: Eighth Amendment – deliberate indifference to Plaintiff's serious medical needs

In Count One of his amended complaint, Plaintiff alleges that Defendants Bickell, Garman, Walters, and Johnson's deliberate indifference to his medical needs violated the Eighth Amendment's prohibition on cruel and unusual punishment.  (Doc. No. 30 ¶¶ 109-110.) Magistrate Judge Schwab recommends that the Court dismiss Count One on the grounds that Plaintiff fails to allege that the non-medical defendants had reason to believe (or actual knowledge) that prison doctors or their assistants were mistreating or failing to treat Plaintiff. (Doc. No. 44 at 15.)  Plaintiff objects, arguing that the amended complaint contains allegations that the named defendants were aware that Plaintiff as held in the Restricted Housing Unit, which is a "punitive environment, not a therapeutic one," and thus their deliberate indifference is evidenced by the fact they had "vivid first-hand knowledge of Plaintiff's delusional behavior but they left him in 'the hole.'" (Doc. No. 45 at 5.)

A prison official's deliberate indifference to serious medical needs of inmates violates the Eighth Amendment.  Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citation and internal quotation marks omitted); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted). Deliberate indifference requires that a prison official was subjectively aware of the risk.  In other words, the official must "know[] of and disregard[] an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 836.  If an inmate is under the care of medical experts, a non-medical prison official cannot be

4

considered deliberately indifferent for failing to respond to an inmate's medical complaints "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner."  Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004); see id. ("Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.").

The Court overrules Plaintiff's objections.  Although Plaintiff argues that "[t]he need for pyschiatric treatment in a therapeutic setting for this severely distressed individual was utterly obvious and easy to recognize," (Doc. No. 47 at 6), he fails to respond to Defendants' argument that the non-medical defendants cannot be held accountable on a theory of deliberate indifference absent allegations they knew or had reason to know that Plaintiff was not receiving medical treatment.  See Spruill, 372 F.3d at 236.  The amended complaint contains allegations that Plaintiff was required to take certain medications in the pill line, which allows the Court to infer that Plaintiff was under the care of medical experts and receiving medical treatment.  (Doc. No. 44 at 15.)  Because Plaintiff does not allege that the named non-medical defendants in Count One knew or had reason to believe that Plaintiff was not receiving medical treatment, Plaintiff's allegations that the named non-medical defendants were deliberately indifferent fail as a matter of law.  See Innis v. Wilson, 334 F. App'x 454, 457 (3d Cir. 2009) (citation omitted). Accordingly, the Court will overrule Plaintiff's objections and dismiss Count One of Plaintiff's amended complaint.

**B.      Count II: Eighth Amendment – failure to supervise**

Plaintiff alleges that Defendants Bickell, Garman, Walters, and Johnson failed to properly supervise prison staff and acquiesced to cruel practices, and their conduct violated his

Eighth Amendment right to be free of cruel and unusual punishment.  (Doc. No. 30 ¶¶ 111-112.)

Magistrate Judge Schwab recommends that the Court dismiss Count Two because Plaintiff does

not allege that the purported harassment and verbal threats were accompanied by any reinforcing

physical acts or that he suffered any change or denial of constitutional status accompanying the

alleged threats.  (Doc. No. 44 at 20.)  Plaintiff objects, arguing that although verbal abuse is not

an injury, supervisory liability may be alternatively supported by his claims in Count One that

Defendants were deliberately indifferent to his serious medical needs.  (Doc. No. 45 at 6.)

Plaintiff does not object to the Report's conclusion that his allegations of verbal abuse and

harassment do not rise to the level of constitutional injury.  (Id.)

       To state a claim for supervisory liability,[3] a plaintiff must identify a specific policy or

practice that the supervisor failed to employ, and, show that: (1) the existing policy or practice

created an unreasonable risk of the Eighth Amendment injury, (2) the supervisor was aware of

the unreasonable risk, (3) the supervisor was indifferent to the risk, and (4) the injury resulted

from the policy or practice.  Beers-Captiol v. Whetzel, 256 F.3d 120, 134 (3d Cir. 2001) (citation

omitted).  It is "not enough" for a plaintiff to argue that the constitutionally cognizable injury

would not have occurred has the supervising official "done more than he or she did."  Sample v.

Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989).  Rather, the plaintiff must identify the supervisor's

specific acts or omissions that evidence deliberate indifference, and persuade a court that a

relationship exists between the alleged identified deficiency and the constitutional injury.  Id.  In

---

[3] A supervisor may also be personally liable under Section 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations.  A.M. ex rel. J.M.K. v. Luzernze Cnty. Juvenile Detention Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

the absence of an underlying constitutional violation, a plaintiff cannot state a claim for supervisory liability on a "knowledge or acquiesence" or "failure to train" theory.  See Crawford v. Lappin, 446 F. App'x 413, 416 (3d Cir. 2011) (citing Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 70 (3d Cir. 2011)).

The Court finds that supervisory liability cannot lie against the named defendants in Count Two.  First, although the alleged verbal threats and harassment are deplorable, they do not amount to a constitutional injury, see Robinson v. Taylor, 204 F. App'x 155, 156 (3d Cir. 2006), and thus Plaintiff has failed to plead an underlying constitutional claim.  Second, given that the Court will dismiss Plaintiff's deliberate indifference claims, Plaintiff may not alternatively state a supervisory liability claim on the grounds that he pled an underlying constitutional injury of deliberate indifference to his serious medical needs in Count One.  Accordingly, the Court rejects Plaintiff's objection that "supervisory liability can be supported just as well upon the constitutional injury already discussed, deliberate indifference [to serious medical need]."  (Doc. No. 45 at 6.)  The Court will overrule Plaintiff's objections, and dismiss Count Two of Plaintiff's amended complaint.

### C.     Counts III and IV: Title II of the ADA and Rehabilitation Act

Plaintiff alleges that he was placed in the Restrictive Housing Unit because he is mentally ill, and this placement deprived him of access to numerous prison services.  (Doc. No. 30 ¶¶ 95-97.)  Plaintiff asserts that this deprivation of services on account of his mental illness violated Title II of the Americans with Disabilities Act and the Rehabilitation Act.  (Doc. No. 30 ¶¶ 113-116.)  Because Plaintiff is diagnosed with delusional disorder, and alleges that he was placed in the Restrictive Housing Unit solely on the basis that he is mentally ill, Magistrate Judge Schwab

recommends that the Court allow Plaintiff's ADA and RA claims to proceed.[4]  (Doc. No. 44 at

26-27.)  Defendants did not file any objections to this recommendation.  The Court will adopt the

Report and Recommendation, and deny Defendants' motion to dismiss Counts Three and Four of

Plaintiff's amended complaint.

> ### D.        Count V: Access to Courts

In Count Five of his amended complaint, Plaintiff alleges that Defendants denied him

access to the prison law library, legal assistance from other inmates, and assistance with

interpreting prison regulations for filing grievances, thereby violating his constitutional right of

access to the courts.  (Doc. No. 30 ¶¶ 98, 99-100.)  Plaintiff asserts that "[b]ecause the

individual Defendants denied [Plaintiff] access to legal resources and discouraged Plaintiff from

using the grievance process, [Plaintiff] suffered actual harm, in that he was unable to bring this

action to obtain relief earlier although the abusive practices described herein have been ongoing

for many years."  (Doc. No. 30 ¶ 106.)   Magistrate Judge Schwab recommends that the Court

dismiss Count Five on the grounds that Plaintiff has not sufficiently alleged actual injury, given

that he "presently has a chance to assert his rights for perceived wrongs," and he is "litigating in

court."  (Doc. No. 44 at 30.)  Plaintiff objects, arguing that the reasoning in the Report and

Recommendation is flawed because it would mean that "no one could ever state a claim for

denial of access to the courts, because the mere act of filing such a claim would defeat it."  (Doc.

No. 45 at 7.)  Plaintiff further argues that because he alleges that Defendants used deceit and

---

[4] Plaintiff relies on the same facts forming the basis of his ADA claim to raise a separate RA claim.  Because Title II of the Americans with Disabilities Act and Rehabilitation Act are co-extensive and generally interpreted identically, the Report and Recommendation does not contain separate analysis of Plaintiff's RA claim.  (Doc. No. 44 at 21 n.6.)

misdirection to prevent Plaintiff from seeking relief in court, he has stated a constitutional right of access claim.  (Id.)

Inmates have a "constitutional right of access to the courts, which requires access to "adequate law libraries or adequate assistance from persons trained in the law" for filing civil actions.  Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000) (citation omitted).  To state a claim, an inmate must allege he or she (1) suffered an actual injury – that he or she lost a chance to pursue a nonfrivolous or arguable underlying claim, and (2) he or she has no other remedy for the lost claim than their presently pending denial of access suit.  Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).  An inmate "cannot establish relevant actual injury simply by establishing his prison's law library or legal assistance program is subpar in some theoretical sense . . . . the inmate must therefore go one step further and demonstrate that the alleged shortcomings in the library or legal assistance hindered his efforts to pursue a legal claim."  Lewis v. Casey, 518 U.S. 343, 351 (1996) (emphasis added).  Lewis does not require that the pending legal claim have merit, but rather that the plaintiff show that the alleged "deprivation led to an actual injury such as the loss or rejection of a legal claim."  Gordon v. Morton, 131 F. App'x 797, 798 (3d Cir. 2005) (citation and quotation marks omitted).

The Court finds that Plaintiff fails to allege actual injury, and thus he does not state a claim for denial of access to the courts.  At best, Plaintiff appears to allege that he suffered constitutional injury because he was not able to bring this lawsuit sooner.  (Doc. No. 30 ¶ 106 ("Mr. Powell suffered actual harm, in that he was unable to bring this action to obtain relief earlier").)  To show actual injury in the context of an access to courts claim, an inmate must allege that a non-frivolous legal claim has been frustrated and impeded.  See 3 Rights of

Prisoners § 12.8, <u>The "actual injury" requirement</u> (4th ed) ("Delay, in and of itself, is not

sufficient");  <u>Johnson v. Barczak</u>, 338 F.3d 771, 773 (7th Cir. 2003) ("[D]elay becomes an injury

only if it results in actual substantial prejudice to specific litigation.").  In his objections, Plaintiff

attacks the reasoning of the Report and Recommendation, but he does not specify any "actual

substantial prejudice" to specific litigation he suffered as the result of Defendants' actions.

Because Plaintiff does not allege he lost the chance to pursue any nonfrivolous underlying claim,

he has failed to state an actual injury sufficient to proceed on his access to courts claim.  <u>See</u>

<u>Monroe v. Beard</u>, 536 F.3d 198, 205-206 (3d Cir. 2008).  Accordingly, the Court will overrule

Plaintiff's objections, and dismiss Count Five of Plaintiff's complaint.

### E.      Motion to strike

Defendants move to strike several paragraphs of the complaint as redundant, immaterial,

impertinent, or scandalous under Rule 12(f) of the Federal Rules of Civil Procedure.  (Doc. No.

33 at 12.)  Magistrate Judge Schwab recommends that the Court strike Paragraph 80 of the

amended complaint, in which Plaintiff "attacks the character and integrity of the Pennsylvania

Department of Corrections, its employees, and its counsel."  (Doc. No. 44 at 32.)  Paragraph 80

of the amended complaint reads as follows:

> The means by which defendants shared information about these cases included
> but are not limited to:
>
> a.    professional and personal ties among prison staff at SCI Rockview,
>       SCI Smithfield, SCI Huntingdon, and SCI Houtzdale, which are
>       either adjacent or within a one-hour drive of each other;
> b.    routine rotation of prison staff among these neighboring
>       institutions;
> c.    networks of communication among family and friends in the close-
>       knit communities of Huntingdon and Centre counties, where the
>       prisons are major employers and several members of the same
>       family often work for the DOC;

d.      representation by counsel for the DOC from the same office.

(Doc. No. 30 ¶ 80.)

Plaintiff objects on the grounds that Paragraph 80 contains material that supports the

constitutional claims by showing that Defendants generally knew of Plaintiff's legal activities

and his severe mental illness, and also supports "relating back" of the claims to a new defendant.

(Doc. No. 45 at 3.)  Defendants argue in their brief in opposition to Plaintiff's objections that

"[w]ithout specific facts as to who, what, where and when, Powell's relation back or shared

attorney arguments make no sense."  (Doc. No. 46 at 5.)  Plaintiff responds by asserting that

Paragraph 80's allegations are essential to Plaintiff's denial of access to courts claims, as they

show that Defendants knew of his other pending legal matters and thus his mental disabilities.

(Doc. No. 47 at 8.)

The Court declines to adopt the Report and Recommendation addressing Defendants'

motion to strike.  Although the portions of the amended complaint that Defendant seeks to strike

may not ultimately be dispositive of the surviving claims in the amended complaint and thus

impertinent, "[m]atter will not be stricken from a pleading unless it is clear that it can have no

possible bearing on the subject matter of the litigation."  See Aoki v. Benihana, Inc., 839 F.

Supp. 2d 759, 786 (D. Del. 2012) (citation and quotation marks omitted).  The Court further

finds that Paragraph 80 does not contain material that is scandalous inasmuch as Paragraph 80

does not reflect cruelly upon the defendant's moral character, use repulsive language, or detract

from the dignity of the court.  See Carone v. Whalen, 121 F.R.D. 231, 233 (M.D. Pa. 1988)

(citation and quotation marks omitted).  Moreover, given that motions to strike are viewed with

disfavor, see Symbol Techs., Inc., 609 F. Supp. 2d at 359, the Court finds that Defendants'

motion does not present facts which compel striking these allegations from the complaint.

## IV.    CONCLUSION

The Court will adopt the Report and Recommendation in part.  An order consistent with this memorandum follows.