# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN POWELL, | : | CIVIL NO. 1:12-CV-2455 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| JOHN E. WETZEL, *et al.*, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

The plaintiff, Kevin Powell ("Powell"), a former state prisoner, is proceeding *via* an amended complaint on his remaining claims arising under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701 *et seq.* The defendants have filed two motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, we recommend that both motions be granted.

## I.   Procedural History.

On December 10, 2012, Powell initiated this action by filing a *pro se* complaint. *Doc.* 1. At the time Powell filed his complaint, he was a state prisoner. On December 17, 2012, Powell filed a motion to proceed *in forma pauperis* that we eventually granted. *Docs.* 9 & 11. Thereafter, on February 15, 2013, Powell's counsel entered her appearance. *Doc.* 25. Through counsel, Powell filed an

amended complaint, *Doc.* 30.

In his amended complaint, Powell names the following 6 defendants: (1) John Wetzel ("Wetzel"), the Secretary of the Pennsylvania Department of Corrections ("DOC"); (2) Tabb Bickell, the Superintendent at SCI Huntingdon; (3) Mark Garman, the Deputy Superintendent at SCI Huntingdon; (4) William Walters, a Major in charge of Unit Management at SCI Huntingdon; (5) Timothy Johnson, a Lieutenant at SCI Huntingdon; and (6) the DOC.  *Doc.* 30 at ¶¶ 4-9. Generally, Powell brings constitutional claims under 42 U.S.C. § 1983 arising out of his conditions of confinement.  Additionally, Powell raises claims under Title II of the ADA and § 504 of the RA.

On March 21, 2013, the defendants filed a motion to dismiss Powell's claims in his amended complaint pursuant to Rule 12(b)(6) of the Federal Rules and, alternatively, to strike certain paragraphs under Rule 12(f).  *Doc.* 31.  When the motion became ripe for review, we recommended that the Court grant the defendants' motion in part and deny it in part.  *Doc.* 44.  Relevant to the motions presently under review, we specifically recommended that Powell's constitutional claims brought pursuant to 42 U.S.C. § 1983 be dismissed for failure to state a claim, but that his claims arising under Title II of the ADA and § 504 of the RA should proceed.  *Id.*  In this respect, the Court adopted our Report and Recommendation, and remanded the case to the undersigned for further pre-trial

management. *Doc.* 50.

After the Court remanded the case to us, the defendants filed a timely answer to Powell's amended complaint. *Doc.* 52. The individually named defendants then filed a motion for judgment on the pleadings. *Doc.* 53. That motion for judgment on the pleadings became ripe for review on June 20, 2014; however, a case management conference had previously been scheduled for June 24, 2014. *Doc.* 51. Accordingly, before reaching the merits of the individual defendants' motion for judgment on the pleadings, we held a case management conference with all of the remaining parties on the scheduled date.

At the case management conference, it became apparent that the parties also dispute the scope of the amended complaint. *See also Doc.* 56 at 5. More precisely, the parties contest whether the remaining ADA and RA claims reach back two years prior to Powell's transfer to SCI Huntingdon. According to Powell, a decision on this point is vital to his surviving claims, because he wishes to produce documents showing that he filed administrative grievances about the conditions of his confinement, relating to his ADA and RA claims, within the two years prior to his transfer to SCI Huntingdon. *See Doc.* 65 at 3 n. 1. Otherwise, Powell apparently cannot withstand the defendants' affirmative defense of non-exhaustion. Without having the benefit of briefing on this issue, we permitted the defendants, collectively, to file a second motion for judgment on the pleadings,

*Doc.* 59, and deferred entering a case management order. On July 25, 2014, the defendants, collectively, filed a motion for judgment on the pleadings, *Doc.* 63, which is also ripe for disposition on the merits.

**II.     Legal Standard.**

Pursuant to Federal Rule of Civil Procedure 12(c), once the pleadings are closed, but within such time as to not delay trial, a party may move for judgment on the pleadings. The standard of review for a motion for judgment on the pleadings is identical to that of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Akin to a motion to dismiss, the Court will accept the factual allegations as true and draw all reasonable inferences presented in the pleadings in the light most favorable to plaintiff. *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or a motion for judgment on the pleadings, *Turbe*, 938 F.2d at 428. In resolving a motion for judgment on the pleadings, the Court may additionally consider exhibits attached to a pleading, matters of public record, and "undisputedly authentic" documents if a plaintiff's claims are based on such documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196-97 (3d Cir.

1993).

## III. Discussion.

As stated at the outset of this Report and Recommendation, there are two motions for judgment on the pleadings pending. In the first motion, the individually named defendants, in general, contend that they should be dismissed as defendants with respect to Powell's remaining ADA and RA claims. *Doc.* 53. In the second motion, the defendants, collectively, contend that the scope, and timeframe, of Powell's ADA and RA claims, as alleged in the amended complaint, only concern his confinement at SCI Huntingdon. *Doc.* 63. Powell disagrees with the defendants on both fronts. We will address the motions, which are interrelated, *seriatim*.

**A. The Individually Named Defendants' Motion for Judgment on the Pleadings (*Doc*. 53).**[1]

According to the individually named defendants, they should be dismissed, to the extent that they are named as defendants in Powell's ADA claim, for the following three reasons: (1) Powell only names the Pennsylvania Department of Corrections ("DOC") in the ADA count; (2) the plain language of the ADA does not encompass suit against defendants in their individual capacities; and (3) while this Court has otherwise permitted an ADA claim to proceed against individuals in their official capacities, those cases differ because in those cases the DOC was not also named as a defendant. *Doc*. 57.[2] In opposition, Powell argues that these

---

[1] Generally, the same legal principles governing Title II ADA claims also govern § 504 RA claims. *CG v. Pennsylvania Dept. of Education*, 734 F.3d 229, 235-36 (3d Cir. 2013). To prove a claim under either the ADA or RA, plaintiffs must show that: (1) they are handicapped or disabled as defined under the statutes; (2) they are otherwise qualified to participate in the program at issue; and (3) they were precluded from participating in a program or receiving a service or benefit because of their disability. *Id.* (citing *Chambers ex rel Chambers v. School Dist. of Phila. Bd. of Education*, 587 F.3d 176, 189 (3d Cir. 2009)). The statutes, however, differ with respect to their causation elements, *see id*, and with respect to the RA's requirement that a plaintiff must also show that the allegedly discriminating entity receives federal funding. *Chambers*, 587 F.3d at 189, n. 20. Neither exception is relevant for purposes of resolving the defendants' pending motions, as this Court has already established that Powell plausibly stated a claim for relief under the ADA and RA. For convenience purposes, therefore, we will only discuss the issues as they relate to Powell's Title II ADA claims, with the intent that our findings and recommendations herein apply with equal force to his § 504 RA claims.

[2] In their reply brief, the individually named defendants concede that Powell's claims against them, in their official capacities, are not barred by the doctrine of

defendants are merely attempting to re-litigate the substance of their Rule 12(b)(6) motion, and the pending motion otherwise lacks legal support. *See Doc.* 55.[3]

Contrary to Powell's assertions, the Court has not addressed the issues presently presented. Rather, the defendants' motion to dismiss involved solely whether Powell plausibly alleged the elements of an ADA claim. While we previously noted that Wetzel should be dismissed as a defendant, in his official capacity, with regard to Powell's ADA claim, the Court did not make an affirmative ruling on this point. Furthermore, the Court did not discuss whether

---

Eleventh Amendment sovereign immunity. *Doc.* 57 at 2. Their concession appears warranted in light of the Supreme Court's holding in *United States v. Georgia*, 546 U.S. 151, 159 (2006), that "insofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." (Emphasis in original); *see also Glenn v. McGrady*, No. 1:13-CV-0325, 2014 WL 939507 (M.D. Pa. Mar. 11, 2014)(Kane, J.)(dismissing plaintiff's ADA claim, in addition to plaintiff's constitutional claims, yet stating that said ADA claim would have otherwise been viable against the defendants in their *official* capacities).

[3]   In Powell's brief-in-opposition, he also contends that the motion should be denied for being too vague and that sanctions should be imposed upon the defendants for filing this motion, which Powell contends is frivolous. *Doc.* 55 at 2-3, 8. First, the motion is not at all vague, and this is apparent from Powell's proper identification of, and attacks on, the issues involved. Second, Powell's argument for sanctions, because he perceives the arguments as frivolous, is perplexing given his frontal assault on the merits of the motion. In fact, for the reasons contained herein, we find that the defendants' arguments are not at all frivolous. Powell's basis for imposing sanctions, therefore, is baseless. Furthermore, to the extent that Powell's request for sanctions is interpreted as a motion for sanctions under Rule 11 of the Federal Rules, it should be denied for procedural reasons. *See* Fed.R.Civ.P. 11(c)(2).

Powell directed his ADA claim at the other individually named defendants, in any capacity, as it was originally perceived that the ADA claim was raised solely against the DOC and Wetzel, in his official capacity. *See Doc.* 44 at 22 n. 7. Thus, the defendants' motion for judgment on the pleadings is not a repeat of arguments that were previously raised or decided by the Court.

Second, in his amended complaint, Powell asserts that his ADA claim is solely against the DOC. In comparison, Powell specifically set forth in his amended complaint that the other claims, since dismissed, were directed at the "individual [d]efendants." *Compare, e.g., Doc.* 30 at ¶ 112 with ¶¶ 114, 116. Moreover, in those other claims, Powell also specifically named the defendants that to which the claims related. On these bases alone, an order should be entered dismissing the individually named defendants.

Yet, such a result would not reach Wetzel, who we have already inferred was named in Powell's amended complaint. *See Doc.* 44 at 22 n. 7. Consequently, it must still be affirmatively established whether Powell's ADA claim against Wetzel should be dismissed.[4]

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied

---

[4] Moreover, to the extent the Court construes Powell's amended complaint to include an ADA claim against the other individually named defendants, the same result reached as to Wetzel, would apply to them with equal force.

the benefits of the services, programs, or activities of a *public entity*, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). Title II of the ADA further defines a "public entity" as "**(A)** any State or local government; **(B)** any department, agency, special purpose district, or other instrumentality of a State or States or local government; and **(C)** the National Railroad Passenger Corporation, and any commuter authority…." 42 U.S.C. § 12131.[5] Under these terms, it is well-established that state prisons and departments of corrections are "public entities." *See Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998); *Brown v. Pennsylvania Department of Corrections*, 290 F. App'x 463, 467 (3d Cir. 2008). A plain reading of this statute also demonstrates that "individual defendants in their individual capacities are not liable under Title II of the ADA because they are not 'public entities' within the meaning of the ADA." *Riley v. Grainey*, No. 3:12-CV-02470, 2014 WL 2094341, at *6 (M.D. Pa. May 20, 2014)(Caputo, J.)(quoting *Glenn v. McGrady*, No. 13-CV-00325, 2014 WL 939507, at * 4 (M.D. Pa. Mar. 11, 2014)(Kane, J.)); *Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002).[6] Claims against individually

---

[5] *See* 29 U.S.C. § 794(b) (defining "program or activity" under the RA); *see also Chambers*, 587 F.3d at 189 (explaining that the elements to prevail on a violation under the ADA or the RA is essentially the same).

[6] *See also A.W. v. Jersey City Public Schools*, 486 F.3d 791, 804 (3d Cir. 2007)("Suits may be brought pursuant to [the Rehabilitation Act] against recipients of federal assistance, but not against individuals.").

named defendants, in their *official* capacities, are viable. *Id.*; *see also Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161 (3d Cir. 2002)("[F]ederal ADA claims for prospective injunctive relief against state officials are authorized….").

To the extent that Powell directs his ADA claim against Wetzel, in his *individual* capacity, which we had not readily ascertained upon our reading of the amended complaint, it should be dismissed for the reasons discussed in the cases cited, *supra*. Powell's ADA claim against Wetzel, in his official capacity should also be dismissed, but for different reasons.

While a plaintiff may sue an individual defendant, in his or her official capacity, under the ADA, *see, e.g., Glenn*, 2014 WL 939507, at * 4, "[a] district court may [nevertheless] dismiss claims against public officials in their official capacit[ies] where the government entity is also named as a defendant 'because a lawsuit against public [officials] in their official capacities is functionally a suit against the public entity that employs them.'" *Pennington v. Midd-West School District*, No. 4:11-CV-02334, 2012 WL 2328198, at *1 (M.D. Pa. June 19, 2012)(Kane, J.)(quoting *Cuvo v. De Biasi*, 169 F. App'x 688, 693 (3d Cir. 2006)); *see McMillian v. Monroe County*, 520 U.S. 781, 785 n. 2 (1997). As this Court explained, "[w]here the public entity that employs the individual defendants is also named as a defendant, the suit against the individual defendants is redundant." *Pennington,* 2012 WL 2328198, at *1; *see also Blunt v. Lower Merion Sch. Dist.,*

559 F.Supp.2d 548, 568 (E.D. Pa. 2009)("[W]hen a suit against individual defendants would be duplicative of those against a government entity, which is also sued, the claims against the individuals should be dismissed as the government entity is the real party in interest."). Thus, just as in *Pennington*, where the plaintiff brought a Title II ADA (and a § 504 RA) claim against the government entity and individual defendants, in their official capacities, Powell's ADA claim against Wetzel, in his official capacity, should be dismissed as redundant since Powell also brings the claim against the DOC.

In sum, Powell's ADA claim against the individually named defendants, to the extent the amended complaint can be reasonably construed as naming them, should be dismissed. The individually named defendants' motion for judgment on the pleadings, therefore, should be granted.

### B. The Defendants' Collective Motion for Judgment on the Pleadings (*Doc*. 63).

Collectively, the defendants also move for judgment on the pleadings, arguing that the scope of Powell's ADA and RA claims should be limited to his confinement at SCI Huntingdon. In so arguing, the defendants contend that the amended complaint cannot be read to include claims about Powell's confinement in other state prisons, within the two years prior to his transfer to SCI Huntingdon.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim…." As the Supreme Court

announced in *Twombly*, 550 U.S. at 555, the pleading standard Rule 8 announces does not require "detailed factual allegations." Rather, under the well-known plausibility standard, a plaintiff must plead enough content so as to allow a district court to draw a reasonable inference from the pleading. *See id.* at 556. Furthermore, Rule 8(d)(1) requires that each averment be concise and direct.

Prior to the filing of this motion, we had not construed Powell's ADA and RA claims to encompass his confinement at DOC institutions other than at SCI Huntingdon. Instead, given that four of the individually named defendants were DOC employees at SCI Huntingdon, coupled with the fact that Powell's amended complaint honed in on conduct that occurred there, we construed the pleading to encompass only the time that Powell spent at SCI Huntingdon. Of course, taken in isolation, as Powell asks the Court to do, *see Doc.* 65 at 8-10, we recognize that a different result could be reached, because the relevant allegations are painted with broad strokes. But, it would be unreasonable for the Court to reach that different result just because of the broadly worded allegations.

As mentioned, the allegations relied upon by Powell, in defending against this motion for judgment on the pleadings, are stacked between other allegations focusing on specific conduct of DOC employees at SCI Huntingdon. Moreover, no other DOC institution is even remotely mentioned, or alluded to, in contravention of Rule 8(d)(1), which also requires that each allegation be concise

and direct. Thus, if the Court were to construe the pleading as Powell requests, the defendants would be left to guess which incidences Powell is complaining about, and at which institution. In other words, the defendants have not been put on sufficient notice as due process requires. *See generally, Binsack v. Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011)(finding dismissal appropriate when a complaint "[leaves] the defendants having to guess what … constituted a [cause of action].").

Also, although Powell is unquestionably incompetent in the eyes of the law, the only reasonable inference that can be made from his initial complaint is that he was complaining about events occurring after September 25, 2012, when he learned that he would be transferred to SCI Huntingdon. Powell's references to other "wrong doings" was an apparent attempt to set up his claims against the defendants, arising out of conduct that allegedly occurred at SCI Huntingdon, but not to reach back two years to complain about events occurring prior to his transfer. Thus, as this Court recently explained, amended complaints cannot exceed the four corners of the original complaint, *see Berch v. Wetzel*, No. 3:12-CV-0683, 2014 U.S. Dist. LEXIS 30786, at *6 (M.D. Pa. Mar. 10, 2014), which Powell attempts to do by asking the Court to otherwise construe his amended complaint.

Last, to say that Powell's claims in this case reach back two years would intrude upon the claims raised in Powell's other active lawsuit, *Powell v. Fisher*, 1:12-CV-01684 (YK). There, Powell raises similar ADA and RA claims against the DOC, beginning in 2010 (ironically within the two years prior to this lawsuit), when he was returned to state custody. But, the primary conduct complained of therein does not encompass events occurring at SCI Huntingdon. Further, to permit such an intrusion might lead to inconsistent outcomes and provide Powell with two avenues of legal review on his ADA and RA claims; an outcome that is neither favored nor permitted.

In sum, no reasonable inference can be drawn from Powell's amended complaint that his ADA and RA claims encompass his time spent in DOC institutions other than at SCI Huntingdon, and to otherwise construe the amended complaint could lead to inconsistent and impermissible results. The defendants' collective motion for judgment on the pleadings, therefore, should be granted.[7]

---

[7] A different result also leads to a further conundrum recognized by the defendants. *See Doc.* 68 at 5. Specifically, if it is true that the amended complaint reaches back two years, and Powell was only confined at SCI Huntingdon for a period significantly less than he was at institutions outside of the Middle District, then is venue proper here? Without the benefit of briefing, and without a final order on the issue that the Court is presently facing, we leave that issue for another day.

## IV. Recommendation.

Based on the foregoing, **IT IS RECOMMENDED** that:

(1) The individually named defendants' motion for judgment on the pleadings (*Doc.* 53) be **GRANTED**;

(2) The defendants' collective motion for judgment on the pleadings (*Doc.* 63) also be **GRANTED**; and

(3) The case **REMANDED** to the undersigned for further pre-trial management.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **22nd** day of **October, 2014**.

*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
