**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN POWELL,** | : | |
| **Plaintiff** | : | **No. 1:12-cv-02455** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **JOHN E. WETZEL, et al.,** | : | **(Magistrate Judge Schwab)** |
| **Defendants** | : | |

**MEMORANDUM**

Before the Court is the Report and Recommendation of Magistrate Judge Schwab (Doc.

No. 69), in which she recommends that the Court grant Defendants' motions for judgment on the

pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. Nos. 53, 63).  For the reasons

that follow, the Court will adopt Magistrate Judge Schwab's Report and Recommendation in part

and dismiss part of Plaintiff's complaint with prejudice.  However, Plaintiff is not precluded

from seeking leave to amend his complaint.

**I.     BACKGROUND**

Plaintiff Kevin Powell, a former inmate at State Correction Institution - Huntingdon

(SCI-Huntingdon), filed the above-captioned action on December 12, 2012, alleging that

Defendants' conduct in relation to his incarceration caused him compensable injuries.  (Doc. No.

1.)  Plaintiff has named as defendants the Pennsylvania Department of Corrections (DOC), the

head of the DOC, and four individual DOC employees from SCI-Huntingdon.  (Doc. No. 30 at

1.)  On March 7, 2013, Plaintiff, acting through counsel, filed an amended complaint specifically

alleging violations of Plaintiff's protections under the Eighth and Fourteenth Amendments, Title

II of the Americans with Disabilities Act (ADA), and sections of the Rehabilitation Act (RA).

(Id. at 1-2.)  On June 3, 2014, the Court adopted in part a previous Report and Recommendation

from Magistrate Judge Schwab (Doc. No. 44), granting in part Defendants' previous motion to

dismiss (Doc. No. 31), and dismissing part of Plaintiff's amended complaint, leaving intact only

his claims under the ADA and the RA.  (Doc. Nos. 49-50.)

Defendants subsequently answered and filed two motions for judgment on the pleadings,

asking the Court to dismiss Plaintiff's claims against the individually named defendants in both

their official and individual capacities (Doc. No. 53), and asking the Court to limit Plaintiff's

ADA and RA claims to events at SCI-Huntingdon (Doc. Nos. 63, 63-1).  Magistrate Judge

Schwab issued her Report and Recommendation on October 22, 2014, in which she recommends

that the Court grant Defendants' motions and dismiss part of Plaintiff's amended complaint.

(Doc. No. 69.)  Plaintiff filed objections on November 5, 2014 (Doc. No. 70), and Defendants

filed a brief urging the Court to adopt Magistrate Judge Schwab's Report and Recommendation

on November 19, 2014 (Doc. No. 71).  The matter is now ripe for disposition.

## II.    STANDARD OF REVIEW

A court considering a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6) must determine whether the complaint contains sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Ibqual, 556 U.S. 662,

678 (2009).  Consistent with the Supreme Court's ruling in Bell Atlantic Corporation v.

Twombly, and Ashcroft v. Ibqal, the United States Court of Appeals for the Third Circuit

requires district courts to engage in a two-part analysis when reviewing a Rule 12(b)(6) motion:

first, a court should separate the factual and legal elements of a claim, accepting well-pleaded

factual matter as true and disregarding any legal conclusions; and, second, a court should

determine whether the remaining well-pleaded facts sufficiently demonstrate that a plaintiff has a

"plausible claim" for relief.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).

Facial plausibility exists when the plaintiff pleads factual content "that allows the court to draw a

reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>  When

conducting its analysis, a court must view the complaint's allegations in the light most favorable

to the plaintiff.  <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008).  A court's

determination on Rule 12(b)(6) review is not whether the non-moving party "will ultimately

prevail," but instead whether that party is "entitled to offer evidence to support the claims."

<u>United States ex rel. Wilkins v. United Health Grp., Inc.</u>, 659 F.3d 295, 302 (3d Cir. 2011).

Thus, a court need not find that the plaintiff's claims are "probable," rather, a court need only

discern whether the complaint contains "enough facts to raise a reasonable expectation that

discovery will reveal evidence" consistent with the complaint.  <u>Phillips</u>, 515 F.3d at 234.

   The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide

that any party may file written objections to a magistrate's proposed finding and

recommendations.  In deciding whether to accept, reject, or modify the Report and

Recommendation, the Court is to make a <u>de novo</u> determination of those portions of the Report

and Recommendation to which specific objections are made.  28 U.S.C. § 636(b)(1); <u>see also</u>

<u>Sample v. Diecks</u>, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may accept, reject,

or modify, in whole or in part, the findings and recommendations contained in the report.  28

U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## III.   DISCUSSION

### A.   First motion: claims against individuals

Plaintiff brings suit against four individual SCI-Huntingdon employees in their individual

and official capacities, as well as DOC Secretary John Wetzel in his official capacity only.

(Doc. No. 30 at 1.)  Defendants' first motion for judgment on the pleadings seeks dismissal of

the claims against the five individually named defendants.  (Doc. No. 53 at 3.)  Defendants argue

that individuals sued in their individual capacities cannot be liable for money damages under the

ADA or the RA.  (Id. at 2-3) (citing Emerson v. Thiel Coll., 296 F.3d 184, 189 (3d Cir. 2002)).

In addition, Defendants argue that, to the extent the individual defendants have been sued in their

official capacities, such suits are barred by the Eleventh Amendment to the United States

Constitution.  (Id. at 3) (citing Hafer v. Melo, 502 U.S. 21 (1991)).  Magistrate Judge Schwab

agreed with Defendants, reasoning that neither the RA nor the ADA allow suits against

individuals in their individual capacities, and further recommending dismissal of the official

capacity claims, because a claim against an individual in his or her official capacity is redundant

when the individual's public employer is also named as a defendant.  (Doc. No. 69 at 6-7) (citing

McMillian v. Monroe Cnty., 520 U.S. 781, 785 n.2 (1997); Emerson, 296 F.3d at 189; A.W. v.

Jersey City Pub. Sch., 486 F.3d 791, 804 (3d Cir. 2007)).  Plaintiff's objection to this portion of

Magistrate Judge Schwab's Report and Recommendation does not address the substance of the

finding, but rather the form of Defendants' motion.  (Doc. No. 70 at 4) ("The first of Defendants'

two motions deserved sanctions, not coaching by the Court to clarify the arguments in a

telephonic conference . . . Defendants fail to state the relief that they seek.")

The Court is unpersuaded by Plaintiff's argument that Defendants' motion was so vague

that it must be denied and will adopt the Report and Recommendation on this point.  Defendants'

motion and brief succinctly state that "[t]he individual Defendants should be granted judgment

on the pleadings."  (Doc. No. 53 at 2.)  In addition, the Court finds no legal error with Magistrate

4

Judge Schwab's substantive findings regarding the individual defendants.  To begin, "[s]uits may be brought pursuant to the [Rehabilitation Act] against recipients of federal financial assistance, but not against individuals."  <u>A.W.</u>, 486 F.3d at 804.  Consequently, none of the individual defendants will be liable under the RA in either his official or individual capacity.  Further, Title II of the ADA prohibits only "public entit[ies]" from excluding or discriminating against individuals with disabilities.  42 U.S.C. § 12132.  An individual sued in his or her individual capacity is not considered a "public entity," so individual liability claims are not permitted under Title II of the ADA.[1]  <u>Zied-Campbell v. Richman</u>, 2007 WL 1031399, at **16-17 (M.D. Pa. March 30, 2007); <u>see</u> <u>also</u> <u>Garcia v. S.U.N.Y. Health Sci. Ctr.</u>, 280 F.3d 98, 107 (2d Cir. 2001); <u>Walker v. Snyder</u>, 213 F.3d 344, 346 (7th Cir. 2000), <u>cert</u> <u>denied</u>, 531 U.S. 1190 (2001).  In addition, while official capacity claims under Title II of the ADA may be viable, any official capacity claim, ADA-based or otherwise, "generally represent[s] another way of pleading an action against an entity of which an officer is an agent."  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985) (quoting <u>Monell v. New York City Dep't of Sec. Servs.</u>, 436 U.S. 658, 690 n.55 (1978)).  Consequently, district courts routinely dismiss "redundant . . . claims asserted against public officers in their official capacities" when the public employer is also a defendant.  <u>See</u> <u>e.g.</u>, <u>Foglesong v. Somerset Cnty.</u>, No. 13-77, 2013 WL 795064, at *9 (W.D. Pa. March 4,

---

[1] There is no binding appellate precedent directly mandating this result.  However, in <u>Boggi v. Medical Review and Accrediting Council</u>, a district court concluded that no individual liability can arise under Title II of the ADA.  2009 WL 2951022, at *10 (E.D. Pa. Sept. 15, 2009), <u>aff'd</u>, 415 F. App'x 411, 414-415 (3d Cir. 2011).  On appeal, the United States Court of Appeals for the Third Circuit affirmed the district court, albeit in a non-precedential opinion that only arguably settles the question.  <u>Boggi</u>, 415 F. App'x at 414-415 ("We further agree with the District Court that Boggi failed to state an ADA claim against any of the non-entity defendants sued in their individual capacities.") (citing <u>Koslow v. Pennsylvania</u>, 312 F.3d 161, 178 (3d Cir. 2002; <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 189 (3d Cir. 2002)).

2013) (collecting cases).  In the present case, Plaintiff has named the state DOC as a defendant, so the claims against Secretary Wetzel and the four SCI-Huntingdon employees are superfluous, especially in the absence of any substantive objection by Plaintiff.   Accordingly, the Court will adopt this portion of Magistrate Judge Schwab's Report and Recommendation and dismiss Plaintiff's claims against the individually named defendants with prejudice.

**B.**     **Second motion: time covered by the complaint**

After a dispute arose over the chronological scope of the complaint, Defendants filed a second motion for judgment on the pleadings, asking the Court to "limit[] the scope of Plaintiff's ADA and RA claims against the DOC to that [sic] which arose only at SCI-Huntingdon as stated in the amended complaint."  (Doc. No. 63 at 2.)   Magistrate Judge Schwab agreed that the facts alleged in the complaint encompassed events at SCI-Huntingdon only, excluding events that may have occurred before Plaintiff's 2012 transfer to SCI-Huntingdon.  (Doc. No. 69 at 14.) According to Magistrate Judge Schwab, "no other DOC institution is even remotely mentioned, or alluded to," in the amended complaint, and "no reasonable inference can be drawn from Powell's amended complaint that his ADA and RA claims encompass his time spent in DOC institutions other than at SCI-Huntingdon[.]"  (Id. at 12, 14.)  Magistrate Judge Schwab makes this finding in light of her assumption that if Plaintiff cannot include events that transpired before his transfer to SCI-Huntingdon, Plaintiff "apparently cannot withstand the defendants' affirmative defense of non-exhaustion."[2]  (Id. at 3.)  Plaintiff objects to this finding, pointing to

---

[2] As far as can be gleaned from the record, Magistrate Judge Schwab made this statement in response to a footnote in Plaintiff's brief in opposition: "the Court now faces a proto-preliminary issue, so to speak.  The preliminary issue of exhaustion itself cannot be addressed until the time frame of the allegations in the Amended Complaint is settled."  (Doc. Nos. 69 at 3; 45 at 3 n.1.)

language from Plaintiff's original complaint that he argues is sufficient to expand his complaint beyond SCI-Huntingdon.[3]  (Doc. No. 70 at 1-2.)  Plaintiff also objects to any suggestion that he cannot overcome Defendants' affirmative defense of non-exhaustion, because he "has ample documentation of administrative remedies pursued at SCI Huntingdon and exhausted before the filing of this action."  (Doc. No. 70 at 4.)  This documentation may include an SCI-Huntingdon grievance form that Plaintiff attached to his original, pro se, complaint.  (Doc. No. 1-1.)

The Court agrees with Magistrate Judge Schwab that the amended complaint is limited to occurrences at SCI-Huntingdon.  Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  A plaintiff's complaint must provide the defendant notice of the claim and the grounds upon which it rests.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  Beyond the sparse suggestion of wrongdoing at the "central office," Plaintiff has elucidated no factual grounds to predicate his claims on events outside SCI-Huntingdon.  (See Doc. Nos. 1, 30.)  Further, the "central office" allegation is found in Plaintiff's original pro se complaint and not in his superseding amended complaint.  Accordingly, the Court agrees with Magistrate Judge Schwab that as it is presently written, Plaintiff's amended complaint is limited to events surrounding his incarceration at SCI-Huntingdon and not at other unspecified prior places of incarceration, and

---

[3] Plaintiff excerpts a block of text from pages 1-2 of Plaintiff's original pro se complaint. (Doc. No. 70 at 2.)  The excerpt can be read to allege that administrators from "central office" maliciously transferred Plaintiff to SCI-Huntingdon, and that one DOC employee who expressed racism and threatened violence to Plaintiff may have done so before Plaintiff's transfer.  (Id.) That DOC employee is not named as a defendant in this case.  (See Doc. No. 30 at 1.)

the Court will grant Defendants' second motion on this point.[4]

According to Plaintiff, Magistrate Judge Schwab once denied a verbal motion to amend his amended complaint during a telephone call.  (Doc. No. 65 at 3 n.1.)  However, the Court emphasizes that nothing precludes Plaintiff from again seeking to amend his complaint in accordance with Federal Rule of Civil Procedure 15 should he wish to expand the litigation's chronological scope.  Amendments to complaints are to be "freely given when justice so requires."  Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006) (quoting Fed. R. Civ. P. 15). This remains true even though Defendants' motion nominally sought judgment on the pleadings.

## IV.  CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Schwab's Report and Recommendation and dismiss that part of Plaintiff's complaint bringing claims against the individual defendants with prejudice.  However, Plaintiff is not barred from seeking to amend his complaint to expand the chronological scope of his amended complaint.  An order consistent with this memorandum follows.

---

[4] Plaintiff has objected to Magistrate Judge Schwab's Report and Recommendation, asking the Court to reject "any finding as to Plaintiff's ability to overcome the affirmative defense of non-exhaustion of administrative remedies."  (Doc. No. 70 at 4.)  However to date, Magistrate Judge Schwab has made no finding as to Plaintiff's exhaustion of administrative remedies.  The Court is satisfied that, regardless of any perceived suggestion to the contrary, Magistrate Judge Schwab will only address the issue of exhaustion when it has been raised.