# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KEVIN POWELL, | : | CIVIL NO. 1:12-CV-01684 |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| JON FISHER, *et al.*, | : | |
| Defendants. | : | |

| KEVIN POWELL, | : | CIVIL NO: 1:12-CV-02455 |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | |
| Defendants. | : | |

## ORDER
October 15, 2018

Both of the above captioned prisoner civil rights matters have been pending since 2012 and are in the midst of pre-trial discovery. On October 10, 2018, without any prior notice to the court or opposing counsel, and without any indication that she had consulted with her client and obtained his concurrence, plaintiff's counsel filed a praecipe withdrawing from this case. Counsel's praecipe

followed mere hours after the undersigned had issued an order resolving an ongoing discovery dispute between the parties related to the duration of the defendants' upcoming deposition of the plaintiff, Kevin Powell.

Counsel for plaintiff is informed that, under the Rules of this Court, she may not unilaterally abandon this case and her client. Instead, it is well settled that counsel may only withdraw with the leave of the court and:

> Whether to grant counsel leave to withdraw is left to the sound discretion of the district court. *See Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir.1986). Under M.D. Pa. Local Rule 83.15:
>
>> Appearance of counsel shall not be withdrawn except by leave of court. The court may refuse to approve withdrawal. If counsel is superseded by new counsel, such new counsel shall enter an appearance and counsel who is superseded shall comply with this rule and apply for leave to withdraw from the action. The court may refuse to grant a motion for leave to withdraw unless substitute counsel has entered an appearance.
>
> Some factors that courts in this circuit consider on an attorney's motion to withdraw include (1) the reasons withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay resolution of the case. *Taylor v. Stewart*, 20 F.Supp.2d 882, 883 (E.D.Pa.1998); *Hargrove v. City of Phila.*, No. 93–5760, 1995 WL 550441, at *1 (E.D.Pa. Sept.15, 1995).

*Torres v. Gautsch*, No. 1:13-CV-01143, 2014 WL 3368782, at *2 (M.D. Pa. July 9, 2014).

This rule requiring leave of court for counsel to withdraw from a case serves a host of salutary purposes. First, it promotes the fair and efficient administration

2

of justice by ensuring continuity of representation. Second, it protects the interests of the client, who is afforded a voice in the proceedings and an opportunity to chart the course of the litigation before his counsel withdraws. Finally, the procedure ensures that counsel who seek to withdraw fully satisfy all of their ethical obligations to their clients prior to terminating their representation. Because of the important interests that are fostered by this procedure, we will require compliance with Rule 83.15 in this case.

The undersigned is particularly mindful of the need for counsel, and the accompanying risks of counsel withdrawing, in these particular cases. We remind counsel of the holding by the United States Court of Appeals for the Third Circuit in *Powell v. Symons*, 680 F.3d 301 (2012). In that case, the Third Circuit— responding to the fact that Mr. Powell had been adjudicated incompetent in an unrelated criminal case—held that this court had abused its discretion by not appointing counsel to represent Mr. Powell. *Id.* at 308.

Accordingly, **IT IS ORDERED** that the praecipe to withdraw as counsel in this case (No. 1:12-CV-01684, *doc. 166*; No. 1:12-CV-02455, *doc. 120*) is **VACATED**. If counsel wishes to withdraw from representation in this case, counsel should file a motion seeking leave to withdraw on or before **October 29, 2018**. Any motion to withdraw should address the factors which are relevant to consideration of this request. These factors include (1) the reasons withdrawal is

sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay resolution of the case. The motion should also note the position of the client regarding the motion, and explain whether successor counsel will be entering an appearance. Moreover, in light of Mr. Powell's particular need for counsel, the undersigned assumes that even if Ms. Sawicki were to withdraw from representation in this case, Mr. Powell's other attorneys of record—Daniel P. Wotherspoon and Stephen J. McConnell—would continue to represent Mr. Powell in the above captioned matters.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge