# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN POWELL, | : |
| Plaintiff, | : Civil Action No. 1:12-CV-2455 |
| v. | : (Judge Kane) |
| PA DOC, | : (Chief Magistrate Judge Schwab) |
| Defendant | : |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**The ADA/RA claims are barred by qualified immunity.**

DOC withdraws this argument. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

**Compensatory damages are barred under the PLRA.**

Plaintiff requested compensatory damages as allowed by law for injuries caused by Defendant. *Docket at 77, p. 11.* Plaintiff spelled out injuries caused in six separate paragraphs. *Docket at 77, pgs. 8-9.* DOC argued without physical injury, Plaintiff is barred from compensatory damages. *42 USCS § 1997e*; *Rauso v. Sutton*, 2004 U.S. Dist. LEXIS 8986 (E.D. Pa. March 30, 2004)(any claims for compensatory damages for a violation of the Plaintiff's rights under the ADA are barred because he does not identify any possible physical injury).

Plaintiff responded by arguing he suffered physical injury and that he was not claiming damages for mental or emotional damages. *Docket at 151, p. 15.*

Plaintiff only pled one specific physical injury. Plaintiff claims he had a video visit during which an officer caused him to fall, strike his head and injure himself. *Docket at 77, pgs. 8, 9 ¶ 29.* The medical record of this incident refutes any claim of injury. *Docket at 134, Exhibit G.* No reasonable juror could find physical injury on this record.

Regarding mental or emotional injury, Plaintiff claims he suffered daily anguish and indignity, occasional physical injuries, and an accelerated deterioration of his mental and physical condition. *Docket at 77, p. 9.* Plaintiff claims he sank deeper into mental illness and staff's actions exacerbated his suffering. *Docket at 77, p. 9.* Plaintiff claims for the rest of his life, he likely will continue to suffer the effects of the wrongful actions of DOC. *Docket at 77, p. 9.* Finally, Plaintiff claims he was deprived of psychiatric treatment and psychological counseling during the last three years of his incarceration by DOC. *Docket at 77, p. 9.*

All of these are claims for mental or emotional injury except two. The claim for occasion physical injuries and denial of mental health care. Given the opportunity to expand on physical injuries, Plaintiff merely points to the one fall incident. *Docket at 151, p. 15.* Thus, the vague allegation of occasional physical injuries does not suffice as record evidence of physical injury.

2

Compensatory damages could be available for denial of mental health care. However, Plaintiff's own record belies this claim. *Docket at 142, Exhibit 11*.

In sum, the PLRA precludes compensatory damages where Plaintiff has not suffered a physical injury.

**The ADA/RA claims fail on the merits.**

Plaintiff claims he was confined in restricted housing units (RHU) by reason of his mental disabilities. Plaintiff claims whenever he was confined in a prison's RHU by reason of his mental disability, he could not participate in programs or services that were routinely made available to prisoners of able mind and body.

Plaintiff's own testimony contradicts his arguments. Plaintiff's testimony indicates he was able to perform major life activities. *Docket at 134, Exhibit F, Deposition of Kevin Powell pgs. 37, 39*. To be sure, there is no evidence that Plaintiff's delusional disorder **substantially limited** a major life activity. Thus, he does not meet the definition of disabled. *Ashton v. Knepp*, 2013 U.S. Dist. LEXIS 188458 (M.D. Pa. December 30, 2013).

Additionally, any exclusion or denial of benefits must be **by reason** of the disability. Plaintiff's testimony indicates in terms of any restrictions or denial of things in the RHU, Plaintiff was treated the same as other inmates. *Docket at 134, Exhibit F, Deposition of Kevin Powell pgs. 79, 80*. Thus, the reason for any denial

3

was by virtue of the nature of the restricted housing unit, not because of any disability.

Plaintiff cites to a DOJ investigation. The DOJ investigation is not dispositive or even helpful. First, the report involved SCI-Cresson only. *Docket at 149-3*. Second, there is no date on the report to show DOC had notice while Plaintiff was incarcerated. (Plaintiff left the DOC in August 2013.) Third, DOJ acknowledges inmates can be removed from general population. Finally, DOJ opinion is not an adjudication.

Plaintiff cites to the Disability Rights Network case. The settlement agreement in the Disability Rights Network case is also not dispositive or even helpful. The agreement itself says it is not binding or admissible in another case. *Docket at 150, p. 5*. It is dated January 2015. Additionally, subsequent remedial measures are not admissible. *Fed.R.E., Rule 407*.

Finally, several decision from the Western District rejected claims like Plaintiff's. *Stratton v. Steve*, 2014 U.S. Dist. LEXIS 10666 (W.D. Pa. January 9, 2014)(To the extent Plaintiff's claims arise as alleged out of his housing placement, Plaintiff's claims cannot be sustained. RHU housing does not equate with denying benefits.); *Goins v. Beard*, 2011 U.S. Dist. LEXIS 104442 (W.D. Pa. September 15, 2011); *Scherer v. Pa. Dep't of Corr.*, 2007 U.S. Dist. LEXIS 84935 (W.D. Pa. November 16, 2007)(The discipline of RHU housing imposed on the Decedent

4

does not equate with denying benefits to the Decedent. Nevertheless, the placement of Decedent in the RHU did not result from the hearing officer's discrimination against prisoners with mental illness, rather, it resulted from the "misconduct". Any implication that the Decedent could not be disciplined by being placed in the RHU because it would be detrimental to his mental health and thus violative of the ADA and RA is not denial of a service or program under such statutes. The Court does not believe the ADA or RA requires housing of disabled inmates in a certain level of confinement, a certain institution, or a certain security level as such assignments are primarily matters of security delegated to the discretion of the individual state correctional departments.).

This Court rejected reliance on these cases at the motion to dismiss stage stating whether Powell was in fact detained in the RHU for a disciplinary or safety reason is a matter better-suited for discussion on a summary judgment motion. *Docket at 44, p. 28.* The record reveals the reasons why Plaintiff was placed into the RHU. *Docket at 133, ¶¶ 19-41.* Some of the placements into the RHU were disciplinary for misconducts and others were for administrative purposes. The administrative reasons varied from being a new inmate at that prison, to availability of bed spaces, to being deemed a danger to himself or others. None of the placements were because of the alleged mental disability.

In sum, Plaintiff's claims fail on the merits.

**The ADA/RA claims arising from SCI-Smithfield, SCI-Fayette and SCI-Somerset are barred by the statute of limitations.**

The ADA/RA claims arising from placement in the RHU from September 21, 2010 to September 25, 2012 while at SCI-Smithfield, SCI-Fayette and SCI-Somerset are barred by the statute of limitations.

The continuing violations doctrine does not apply. There was not one continuing violation where Plaintiff was in four different prisons and spent some time in general population while at these prisons. At SCI-Smithfield, from August 5, 2010 to September 21, 2010 Plaintiff was in GP. *Docket at 134, Exhibit E.* At SCI-Fayette, Plaintiff was in GP for parts of January, February, May, June and July 2011. *Docket at 134, Exhibit E.* At SCI-Somerset, Plaintiff was in GP for parts of November, 2011, March, April, May, June and July 2012. *Docket at 134, Exhibit E.* At SCI-Huntingdon, Plaintiff was in GP for parts of September, October and November 2012, January and February 2013. *Docket at 134, Exhibit E.* Thus, the continuing violations doctrine should not apply. *Hughes v. Allegheny Cty., PA.,* 2018 U.S. Dist. LEXIS 60444 (W.D. Pa. April 10, 2018)(Even if the continuing violations doctrine could be applied to Corizon's actions, the period in the hospital was a break from the period of Corizon's continuing violations, and the allegations from the period before Plaintiff was admitted to the hospital is clearly outside the Statute of Limitations period.).

Additionally, each placement into the RHU had a degree of permanence to trigger an awareness of and duty to assert rights. *Spencer v. Courtier*, 552 Fed. Appx. 121 (3d Cir. 2014)(Spencer's placement in SMU had a degree of permanence because normally, an inmate does not leave the SMU until he progresses through the levels of the program and earns his release.). For each of the placements for misconducts, Plaintiff knew the amount of disciplinary time he would be in the RHU. Thus, the continuing violations doctrine does not apply.

Plaintiff argues the jury will have to determine whether or not Powell became aware of the ADA violations at some point more than two years before he filed the Complaint, which he mailed from his RHU cell at SCI Huntingdon on December 6, 2012, or else before his counsel filed the Amended Complaint, on March 7, 2013. *Docket at 151*. The Court already ruled the AC does not relate back to the original complaint. *Docket at 92, pgs. 15-19*.

Plaintiff did become aware of the ADA violations well before the AC. Plaintiff filed the *Fisher* case on August 23, 2012 from Somerset about Smithfield. Plaintiff raised the ADA in his original complaint in *Fisher*. *Powell v. Fisher*, No. 12-1684 (M.D. Pa.) Docket at 1, p. 3 ¶ 7. For whatever reason, in *Fisher*, Plaintiff chose not to raise ADA claims about Fayette or Somerset. Likewise, for whatever reason, in this case, Plaintiff himself chose not to raise ADA claim about Huntingdon. Instead, he viewed Huntingdon as a retaliation case.

7

In sum, the continuing violations doctrine does not apply. *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472 (3d Cir. 2014)(the continuing violation doctrine does not apply when the plaintiff "is aware of the injury at the time it occurred). *Ozoroski v. Maue*, 2011 U.S. Dist. LEXIS 34588 (M.D. Pa. March 31, 2011) affd. *Ozoroski v. Maue*, 460 Fed. Appx. 94 (3d Cir. 2012)(rejecting argument that the continuing violation doctrine applied to plaintiff's claims because all of the events that give rise to his cause of action occurred while he was under the ultimate control of the Pennsylvania Department of Corrections).

                Respectfully submitted,

By:   /s/ Vincent R. Mazeski
        Vincent R. Mazeski
        Assistant Counsel
        Attorney I.D. No. PA73795
        Pennsylvania Department of Corrections
        Office of Chief Counsel
        1920 Technology Parkway
        Mechanicsburg, PA  17050
        (717) 728-7763
        Fax No.: (717) 728-0307

Dated: May 31, 2019        Email: vmazeski@pa.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN POWELL, | : |
| Plaintiff, | : Civil Action No. 1:12-CV-2455 |
| v. | : (Judge Kane) |
| PA DOC, | : (Chief Magistrate Judge Schwab) |
| Defendant | : |

## CERTIFICATE OF SERVICE

I hereby certify that the within Brief has been filed electronically and is available for viewing and downloading from the ECF system by Counsel for Plaintiff and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.R. 5.7.*

/s/ Vincent R. Mazeski
Vincent R. Mazeski
Assistant Counsel
Attorney I.D. No. PA73795
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
(717) 728-7763

Dated: May 31, 2019