# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN POWELL, | : | Civil No. 1:12-CV-02455 |
| Plaintiff, | : | |
| v. | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is the report and recommendation of Chief United States Magistrate Judge Susan E. Schwab recommending that Defendant Pennsylvania Department of Corrections' ("DOC") motion for summary judgment be granted as to Plaintiff Kevin Powell's ("Powell") Americans with Disabilities Act of 1990 ("ADA") and Rehabilitation Act of 1973 ("RA") claims arising out of his time at SCI-Smithfield, SCI-Fayette, and SCI-Somerset, and granted barring Powell from recovering compensatory and punitive damages. (Doc. 153.) Judge Schwab further recommends that the DOC's motion be denied as to Powell's ADA and RA claims arising out of his time at SCI-Huntingdon. For the reasons that follow, the court adopts the report and recommendation in full.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Following a long procedural history, Powell's second amended complaint was accepted by the court on September 30, 2016, setting forth two counts for violations of the ADA (Counts I and II), and one count for violation of the RA (Count III) stemming from Powell's multiple placements in the Restricted Housing Unit ("RHU") while incarcerated in the DOC. (Docs. 74-1, 93.) In permitting the filing of the second amended complaint which added the allegations regarding RHU placement in SCI-Smithfield, SCI-Fayette, and SCI-Somerset, the court reasoned that the second amended complaint did not relate back to either of the previous complaints for purposes of the relation-back doctrine. (Doc. 92, pp. 17–21.) The court further stated that while the amendment is permitted, the DOC could "raise the statute of limitations on a more developed record at the summary-judgment stage." (*Id.* at 23.)

The DOC subsequently filed a motion for summary judgment and statement of facts on March 13, 2019, followed by a brief in support on March 27, 2019. (Docs. 132–135.) The DOC argued that Powell's ADA and RA claims arising from his time at SCI-Smithfield, SCI-Fayette, and SCI-Somerset were barred by the statute of limitations, that Powell's request for compensatory and

---

[1] Because there are no objections to the thorough procedural history set forth by Judge Schwab in the report and recommendation, the court recites only the necessary history here.

punitive damages was barred by the Prison Litigation Reform Act ("PLRA"), and that Powell's ADA and RA claims arising from his incarceration at SCI-Huntingdon were barred by qualified immunity and failed on the merits.[2] (Doc. 135.) Powell timely opposed the motion on May 17, 2019, and the DOC filed a reply on May 31, 2019. (Docs. 138–151.)

Judge Schwab issued the pending report and recommendation on July 15, 2019. (Doc. 153.) Powell timely filed objections and a brief in support on July 29, 2019. (Doc. 154.) The DOC responded to Powell's objections on August 5, 2019. (Doc. 155.) Powell filed a reply brief on August 11, 2019. (Doc. 156.) Thus, this matter is now ripe for review.

Powell was diagnosed with delusional disorder in 2009. (Doc. 153, p.14.)[3] At numerous times throughout his incarceration, Powell was placed into the RHU for disciplinary or administrative reasons. His time in different DOC institutions and the RHU is summarized as follows:

| Facility | Dates in RHU | Type of custody |
|---|---|---|
| | Arrived at SCI-Smithfield on August 5, 2010. | |
| SCI-Smithfield | September 21, 2010, to November 19, 2010 | Disciplinary custody for misconduct report. |

---

[2] The DOC subsequently withdrew its argument regarding qualified immunity in its reply brief. (Doc. 152, p. 1.)
[3] For ease of reference, the court utilizes the page numbers located in the CM/ECF header.

| | | |
|---|---|---|
| SCI-Smithfield | November 19, 2010, to December 7, 2010 | Administrative custody pending transfer to SCI-Fayette. |

Transferred to SCI-Fayette on December 7, 2010.

| | | |
|---|---|---|
| SCI-Fayette | December 7, 2010, to December 9, 2010 | Administrative custody pending a determination of Powell's custody level and housing needs. |
| SCI-Fayette | May 2, 2011, to May 6, 2011 | Administrative custody (records unclear as to reason). |
| SCI-Fayette | September 2, 2011, to October 19, 2011 | Disciplinary custody for fight with another inmate. |
| SCI-Fayette | October 19, 2011, to November 1, 2011 | Administrative custody because Powell was deemed to be in danger from other inmates. |

Transferred to SCI-Somerset on November 1, 2011.

| | | |
|---|---|---|
| SCI-Somerset | November 1, 2011, to November 3, 2011 | Administrative custody pending a determination of Powell's custody level and housing needs. |
| SCI-Somerset | November 16, 2011, to March 4, 2012 | Disciplinary custody because Powell was issued several misconducts. |
| SCI-Somerset | June 5, 2012, to June 28, 2012 | Disciplinary custody due to a misconduct. |
| SCI-Somerset | July 3, 2012, to September 15, 2012 (except for several days when housed at SCI-Rockview) | Disciplinary custody due to a series of misconducts. |

Transferred to SCI-Huntingdon on September 25, 2012.

| | | |
|---|---|---|
| SCI-Huntingdon | September 25, 2012, to September 26, 2012 | Administrative custody as a new transfer. |
| SCI-Huntingdon | November 2, 2012, to January 9, 2013 | Administrative custody because Powell was deemed to be a danger to other inmates or be in danger from other inmates. |
| SCI-Huntingdon | February 8, 2013, to August 5, 2013 | Disciplinary custody for several misconducts. |
| | Released from DOC custody in August 2013. | |

(*Id.* at 14–17.)

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation to which no objections have been raised. *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Instead, the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

## DISCUSSION

### A. Powell's objection to the recommendation that the applicable statute of limitations bars his claims stemming from SCI-Smithfield, SCI-Fayette, and SCI-Somerset is overruled.

Judge Schwab opines that Powell's ADA and RA claims arising out of his time at SCI-Smithfield, SCI-Fayette, and SCI-Somerset are time barred by the two-year statute of limitations, which expired two-years from the date of transfer from each institution, i.e. December 7, 2012, November 1, 2013, and September 25, 2014, respectively. (Doc. 153, pp. 18–23.) Judge Schwab further concludes that actions taken at four different prisons to place Powell in the RHU for different reasons are not sufficiently related to invoke the continuing-violation doctrine and avoid the statute of limitations. (*Id.*)

Powell objects to this conclusion, arguing that the DOC's policy and practice for all prisons caused Powell to be confined in the RHU due to his mental and emotional disability, which constitutes a continuing violation. (Doc. 154, pp.

2–6.) He argues that "[f]or each RHU confinement, when the paperwork has survived, it shows that Mr. Powell's impulsive speech is what offended prison staff and caused them to relegate him to restrictive housing." (*Id.* at 4.) According to Powell, this impulsive speech was a symptom of his mental illness and intellectual deficit, and following his release from prison, the DOC changed its disciplinary procedures to account for behaviors due to a mental illness. (*Id.*) In sum, Powell argues that the documentation submitted by Plaintiff and disregarded by the magistrate judge, creates a genuine dispute of material fact regarding whether the multiple RHU confinements were a single persistent pattern constituting a continuing violation. (*Id.* at 4–5.) In opposition, the DOC argues that the continuing-violation doctrine does not apply because placement in the RHU occurred in four different institutions, with some time spent in general population while at each institution. (Doc. 155, pp. 4–7.)

The court agrees with Judge Schwab that the actions taken by four separate institutions with different decision-makers at different times are not sufficiently related to invoke the continuing-violation doctrine. *See Fogle v. Stack*, 149 F. App'x 860 (10th Cir. 2011) (finding that "each segregation decision was of a discrete nature and . . . segregation decisions were made by different decision makers across three different correctional facilities, thus making it inappropriate to aggregate all such decisions into one continuing violation for limitations

7

purposes"); *Bradshaw v. New Jersey*, No. 18-CV-14089, 2019 WL 1930275 (D.N.J. May 1, 2019) (holding that plaintiff failed to show "any particular continuing practice by any named Defendant"); *Peraza v. Helton*, No. 3:12-CV-1306, 2016 WL 6442254 (M.D. Pa. Nov. 1, 2016) ("Since Plaintiff[] asserts claims based upon multiple acts allegedly taken by a variety of different individuals at separate federal correctional institutions over a period of years which were each actionable on their own, the continuing violation theory is not applicable."). Thus, the court overrules Powell's objection and adopts the report and recommendation in this regard.

    **B. The court adopts the recommendation that Powell is barred from recovering compensatory damages for mental and emotional injuries.**

Judge Schwab concludes that section 1997e(e) of the Prison Litigation Reform Act ("PLRA") precludes Powell from recovering compensatory damages for his mental and emotional injuries because the alleged physical injury was *de minimis*. (Doc. 153, pp. 24–28.) Objecting to the recommendation, Powell quotes his alleged injuries from the second amended complaint and argues that his injuries are cognizable under the ADA and RA because he alleges a "loss of access to services, programs, and activities." (Doc. 154, pp. 6–8.) He further argues that section 1997e(e) does not impact the damages available under the ADA in this case. (*Id.* at 8–9.) As to the *de minimis* nature of his injuries, Powell argues that

this is a question of fact for a jury to decide. (*Id.* at 9–10.) The DOC urges the court to adopt Judge Schwab's recommendation to prelude compensatory damages for mental and emotional injuries and notes that Judge Schwab did not preclude compensatory damages for loss of programs, services, and activities. (Doc. 155, pp. 7–8.) The DOC then requests that the court preclude compensatory damages based on loss of programs, services, and activities because there is no evidence of subjective awareness by the DOC of Powell's disability. (*Id.* at 8–9.)

Regarding the PLRA's bar for compensatory damages, the court agrees with Judge Schwab that Powell requests compensatory damages based on a mental or emotional injury. Accordingly, Powell is required to establish "a less-than significant-but more-than-*de minimis* physical injury as a predicate to allegations of emotional injury." *Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003). Powell's only alleged physical injury occurred in February 2013, where Powell's glasses were knocked off, he fell to floor, and struck his head. (Doc. 153, p. 27; Doc. 77, ¶ 29.) The DOC provided medical progress notes indicating that Powell refused medical treatment because he took "a couple of Motrin" and did not require further medical attention. (Doc. 153, p. 27.) Judge Schwab appropriately compared this alleged physical injury to case law in concluding that Powell's injury was *de minimis*, thus, barring compensatory damages for mental and emotional injuries under the PLRA.

As articulated by the DOC, Judge Schwab did not preclude the recovery of compensatory damages for loss of programs, services, and activities as Powell alleged in his second amended complaint.  However, the court will not heed the DOC's request to rule on whether Powell is precluded from recovering compensatory damages where the DOC lacked subjective awareness of Powell's disability, because the DOC raised this argument for the first time in its opposition to Powell's objection, not in its motion for summary judgment or even objections filed on its own behalf.  *See Dowell v. Bayview Loan Servs. LLC*, No. 16-CV-02026, 2017 WL 4230924, at *2 n.1 (M.D. Pa. Sept. 25, 2017) (declining to address arguments not raised before the magistrate judge).

Accordingly, the court overrules Powell's objection and adopts the report and recommendation as to the PLRA's bar on compensatory damages.

### C. The court adopts the recommendation that Powell is precluded from recovering punitive damages under the ADA and RA.

Judge Schwab opines that although punitive damages are not barred under the PLRA as argued by the DOC, punitive damages are precluded under the ADA and RA against government defendants.  (Doc. 153, pp. 28–30.)  Powell objects to this conclusion arguing that Pennsylvania waived sovereign immunity for "suits arising from negligence in the provision of health care by state agencies – like the Department of Corrections – but not municipal agencies."  (Doc. 154, p. 12.)

The court agrees with the precedent cited in the report and recommendation precluding punitive damages for ADA and RA claims against defendants such as the DOC. *See Doe v. Cty. of Centre, Pa.*, 242 F.3d 437, 457–58 (3d Cir. 2001); *Gaudino v. Stroudsburg Area Sch. Dist.*, No. 3:12-CV-02159, 2013 WL 3863955, at *13 (M.D. Pa. July 23, 2013); *C.J.G. v. Scranton Sch. Dist.*, No. 3:07-CV-01314, 2007 WL 4269816, at *8 (M.D. Pa. Dec. 3, 2007). While the Commonwealth of Pennsylvania waives sovereign immunity in certain circumstances, that has no bearing on the ADA and RA claims before the court. Therefore, the court overrules Powell's objection.

### D. The uncontested portion of the report and recommendation are adopted.

The parties do not object to Judge Schwab's conclusion that the DOC's motion for summary judgment should be denied as to Powell's ADA and RA claims arising from his time at SCI-Huntingdon. (Doc. 153, pp. 30–35.) After giving "reasoned consideration" to the uncontested portion of the report and recommendation, the court finds that Judge Schwab's analysis is well-reasoned and fully supported by the record and applicable law. *See City of Long Branch*, 866 F.3d at 99 (quoting *Henderson*, 812 F.2d at 878). The court will adopt this portion of the report and recommendation in full.

## CONCLUSION

For the reasons stated herein, following de novo review of the contested portions of the report and recommendation, and giving reasoned consideration to the uncontested portions, the court adopts Judge Schwab's report and recommendation in full.  Accordingly, the court grants the DOC's motion for summary judgment in part and denies the motion in part.  An appropriate order will issue.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: April 21, 2020